IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM CURTIS JONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:21-CV-212 |
| | § | |
| JEFFERSON COUNTY DISTRICT | § | |
| ATTORNEY, et al. | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND REOCMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), Federal Rules of Civil Procedure 72, and the Local Rules

for the United States District Court for the Eastern District of Texas, United States District Judge

Michael J. Truncale referred this matter to the undersigned United States magistrate judge for all

pretrial proceedings.

I.    **Background**

*A.  Plaintiff's Claims*

Plaintiff William Curtis Jones, proceeding *pro se* and *in forma pauperis*, complains that

the following Defendants:  Jefferson County District Attorney's Office (present and former);

Jefferson County District Attorney Bob Wortham-in his official capacity; Jefferson County

Sheriff's Department (present and former); Jefferson County Sheriff Zena Stephens-in her official

capacity; Texas Department of Criminal Justice-Corrections Institutional Division; Texas

Department of Criminal Justice-Parole Division; Jennifer Doornbos; Jeff Hayes; Nick Lampson;

Galen Blom; Attorney Thomas John Burbank; Texas Department of Public Safety-Criminal

Investigation Division; Lon Huebner; Charles Keith Hawkes; J. Shane Howard; Floyd Marceaux;

Donna Scelerandi; David Pat Stockton; Vicki Jones Stockton; Joseph Fournier; Brian Jagneaux; Jefferson County District Attorney Kenneth B. Florence-in his official capacity; Deborah Susan Stockton; and John E. Hennigan. (collectively "Defendants") maliciously prosecuted him in violation of his constitutional rights. *See* Plaintiff's Amended Complaint (Doc. #13.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for redress of deprivations of his rights and wrongful incarceration. (Doc. #13.)

According to his amended complaint, Mr. Jones was a projects management and projects development director for Management Resources Group Inc. ("MRGI"), his own company. (Doc. #13, p. 9.) In early 2018, he was convicted of fraud, money laundering, misappropriation and misapplication of fiduciary funds, and theft. Incarceration followed from February 2018 until March 2021, lasting approximately three (3) years and two (2) months. (Doc. #13, p. 9.) Plaintiff Jones believes that his guilty conviction, and subsequent incarceration, resulted from the crimes committed by some of the Defendants, and that these same Defendants participated in concealing exculpatory evidence. (Doc. #13, p. 21.) Plaintiff further certifies, under penalty of perjury, that he "*working pro se was finally able to overturn his conviction and secure his release from prison based on newly discovered exculpatory evidence.*" (Doc. #13, p. 28, ¶ 51.) He states, that on or about January 5, 2021, Judge Raquel West of the 252nd Judicial District Court of Jefferson County issued a designate order for Plaintiff's conviction and released Jones immediately. (Doc. #13, p. 29, ¶ 52.)

Specifically, Plaintiff's claims are as follows: first, malicious prosecution by the Jefferson County District Attorney's Office for their profoundly flawed investigation. (Doc. #13, p. 34.) Second, violations under the Due Process Clause of the Fourteenth Amendment where all Defendants deprived Plaintiff of his constitutional right to a fair and impartial trial. (Doc. #13, p.

36.)  Third, false imprisonment.  (Doc. #13, p. 37.)  Fourth, Defendants offering of false and fabricated evidence.  (Doc. #13, p. 38.)  Fifth, violations under the Sixth Amendment Right to Counsel.  (Doc. #13, p. 39.)  Sixth, denial of equal protection of the law.  (Doc. #13, p. 40.) Seventh, conspiracy to deprive under the Americans with Disabilities Act under 42 § U.S.C. 12101. (Doc. #13, p. 41.) Eighth, conspiracy to deprive of constitutional rights by prior agreement to frame. (Doc. #13, p. 42.)  Ninth, denial of constitutional rights through suppression of evidence which denied access to courts. (Doc. #13, p. 43.)  Tenth, a denial of constitutional rights by Defendants' failure to intervene to prevent official misconduct.  (Doc. #13, p. 44.)  Plaintiff also brings a variety of state law claims.

### B.  Procedural History

On April 19, 2021, Plaintiff filed his initial complaint, motion to proceed *in forma pauperis*, and a motion for appointment of counsel.  (Doc. #s 1, 2, 3.)  Plaintiff's motion to proceed *in forma pauperis* was granted and his motion for appointment of counsel was denied.  (Doc. #11, #12.)  On October 15, 2021, Plaintiff amended his complaint.  (Doc. #13.)  The undersigned magistrate judge set a non-adversarial evidentiary hearing or *Spears* hearing for December 13, 2021, to develop the facts in the Complaint and to understand the Plaintiff's sworn claim that he had been exonerated.  Plaintiff moved for a continuance of the hearing and, the court granted his motion rescheduling the hearing for January 24, 2022. (Doc. #14, #16, #17.) On January 19, 2022, Plaintiff filed a second motion for continuance of the preliminary *Spears* hearing. (Doc. #21.) The court granted his motion, cancelled the hearing, and in lieu of the evidentiary hearing, the undersigned ordered Plaintiff to provide the following information on direct submission to the court.

1.  Identify the court and cause number of the proceeding in which plaintiff's conviction was overturned as set forth in paragraph 4 of the Amended Complaint;

2.  Identify the date that Plaintiff's conviction was overturned as set forth in paragraph 4 of the Amended Complaint; and

3.  Provide the court with a copy of the court order or other documentation constituting evidence that conviction was overturned, or that the Plaintiff has been exonerated, as set forth throughout Plaintiff's Amended Complaint. (Doc. #22.)

Pending before the court is Plaintiff's two-part motion in response to the undersigned's order to provide information. (Doc. #24.)

## II.    Legal Standard

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jones*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts, when necessary, the facts alleged are clearly baseless. *Denton,* 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, and delusional scenarios.

A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 5050 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

### III. Discussion and Analysis

*A. Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ….

42 U.S.C. § 1983.

### B.    Claims for malicious prosecution and wrongful conviction

Plaintiff's claims for malicious prosecution and wrongful conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  To recover damages for allegedly unconstitutional convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the imprisonment or its duration has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254.  *Id.* at 486-87.  A claim for damages based on a conviction or sentence that has not been so invalidated does not state a cause of action.

As a result, when a prisoner seeks damages in a civil rights lawsuit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity or the duration of plaintiff's confinement.  If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the proceeding relating to his confinement has already been invalidated.  *Id.*  If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity or the duration of plaintiff's confinement, the action should be allowed to proceed, in the absence of any other bar to the suit.  *Id.*

In this lawsuit, Plaintiff asserts that his constitutional rights were violated by the Defendants, that they engaged in malicious prosecution and that he has been wrongly

convicted. If Plaintiff were to prevail in this lawsuit, such a result would imply invalidity of Plaintiff's conviction or confinement. Accordingly, Plaintiff would be entitled to proceed with this claim only if the *Heck* requirements regarding a prior finding as to the invalidity of the conviction were satisfied.

Plaintiff's response to the questions posed by the court reveals that Plaintiff has not, in fact, been exonerated. Instead, the Plaintiff now admits that he has been released on parole, thus *Heck* bars him from proceeding with this claim. Additionally, it is clear to the undersigned that Plaintiff's sworn statement that he has been exonerated of the charges is false. Indeed, Plaintiff filed a petition for a writ of *habeas corpus* in the Eastern District of Texas on October 5, 2021, civil action no.1:21-cv-514, in which he admitted he was released on parole in March 2021 and asserted he was seeking relief from his final conviction.

Accordingly, Plaintiff's claims against Jefferson County District Attorney's Office (present and former); Jefferson County District Attorney Bob Wortham-in his official capacity; Jefferson County Sheriff's Department (present and former); Jefferson County Sheriff Zena Stephens-in her official capacity; Texas Department of Criminal Justice-Corrections Institutional Division; Texas Department of Criminal Justice-Parole Division; Texas Department of Public Safety-Criminal Investigation Division, and Jefferson County District Attorney Kenneth B. Florence-in his official capacity should be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

### C. Claims against non-state actors

To the extent that Plaintiff asserts claims against individuals who are not state actors, such as the witnesses at trial, those claims fail to state a cause of action cognizable under 42 U.S.C § 1983. Only constitutional violations by state actors may be pursued under Section 1983. *Rundus v. City of Dallas, Tex.*, 634 F.3d 309 (5th Cir. 2011). Thus, the claims against Jennifer Doornbos, Jeff Hayes, Nick Lampson, Galen Blom, Joseph Fournier, Thomas John Burbank, Brian Jagneaux, Lon Huebner, Charles Hawkes, J. Shane Howard, Floyd Marceaux, Donna Scelerandi, David "Pete" Stockton, Deborah Susan Stockton, Vicki Jones Stockton; and John E. "Johnny" Hennigan must be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

### D. Remaining state law claims

Having no valid claims arising under Federal law, this court should decline to exercise supplemental jurisdiction over any of Plaintiff's alleged pendent state law claims —malicious prosecution, civil conspiracy, and intentional infliction of emotional distress. *Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir. 2011) (state law claims were more properly heard in the state courts after federal claims were found to be without merit); *Richards v. City of Weatherford*, 145 F. Supp. 2d 786, 793 (N.D. Tex. 2001) (declining to exercise supplemental jurisdiction over state law claims after determining that the plaintiff had failed to state any federal law claim).

### IV. Recommendation

The undersigned recommends that Plaintiff's federal law claims be dismissed as frivolous and for failure to state a claim upon which relief may be granted. The undersigned further recommends that the court decline to exercise jurisdiction over the alleged pendant state law claims.

**V.    Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the part objects, (2) be served and filed within fourteen (14) days after being served with copy of this Report, and (4) be no more than eight pages in length.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c).  A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objections is timely made.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law obtained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge.  *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED this the 24th day of March, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

9