IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM CURTIS JONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-CV-212 |
| | § | |
| JEFFERSON COUNTY DISTRICT ATTORNEY, et al. | § | |
| | § | |
| *Defendants*. | § | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration. On March 24, 2022, Magistrate Judge Stetson issued a Report and Recommendation in which she recommended that Plaintiff's federal law claims be dismissed as frivolous and for failure to state a claim upon which relief may be granted. The Magistrate Judge further recommends that the Court decline to exercise jurisdiction over the alleged state law claims. [Dkt. 26]. Plaintiff filed a Motion to Appoint Counsel and Motion for Reconsideration in Light of False Evidence in which the Court construes as objections to the Magistrate Judge's Report and Recommendation. [Dkt. 28].

**I.   Standard**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). "Parties filing objections must specially identify those findings [to which they object]. Frivolous, conclusive or

general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1412 (5th Cir. 1996) (en banc).

## II.     Discussion

Plaintiff submitted a written two-part motion for appointment of legal counsel and reconsideration in light of false evidence which this Court is liberally construing as objections to the Report and Recommendation.  Plaintiff filed his objections in a timely manner.  However, he failed to specifically identify the findings or recommendations to which he objects, and he failed to keep his objections within eight pages.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c).

Instead, Plaintiff's objections are a re-filing of the same previous filings concerning allegations of false evidence.  Plaintiff fails to identify in any way how the Magistrate Judge's conclusion that Plaintiff's claims must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) is erroneous.  He further fails to explain why this Court should exercise supplemental jurisdiction over pendent state law claims.  As a result, Plaintiff's objections are meritless and lack specificity. The Court overrules the Plaintiff's objections because they present no new argument or evidence suggesting that the Magistrate Judge's findings and conclusions of law are erroneous.

## III.    Conclusion and Order

The Court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court concludes that Jones' objections are without merit because the objections are not related to specific findings within the Report and Recommendation and the Magistrate Judge properly found that Plaintiff's federal law claims should be dismissed as frivolous and dismissed for failure to state a claim upon

which relief may be granted, and that this Court should not exercise supplemental jurisdiction over any pendent state law claims.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **OVERRULES** the Plaintiff's objections. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

**SIGNED this 3rd day of June, 2022.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge