IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM CURTIS JONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-CV-212-MJT-CLS |
| | § | |
| JEFFERSON COUNTY DISTRICT ATTORNEY, et al., | § | |
| | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and the Local Rules for the United States District Court for the Eastern District of Texas, this matter was referred to the undersigned magistrate judge for pretrial management. (Doc. #8.) Before the court is Plaintiff's Motion for Reconsideration to Reinstate the Case and Motion for Change of Venue filed April 19, 2024. (Doc. #42.)

**I.    Procedural History**

On June 3, 2022, Final Judgment was entered dismissing all the claims with prejudice for failure to state a claim upon which relief can be granted and because the claims were frivolous. (Docs. #30, #31.) Additionally, on August 15, 2022, the district court denied Plaintiff's motions for relief from judgment and to set aside the final judgment. (Doc. #37.) In his Motion for Reconsideration, filed almost two years after the judgment became final, Plaintiff argues that the original decision to dismiss the case was unjust and intentionally ignored significant facts and legal arguments. The balance of the motion rehashes previous arguments, cites Local Rule 6.3 which does not exist in the Eastern District Local Rules and cites inapplicable cases from Federal

Courts in New York construing Local Rule 6.3. Plaintiff also includes a motion to change venue claiming that he cannot get a fair trial in Jefferson County, Texas. In his claims for relief, he also asks the court to compel Defendants to provide exculpatory evidence of his criminal conviction and rule the underlying state court indictments as unconstitutional. (Doc. #42.)

Plaintiff's underlying claims included the following: malicious prosecution by the Jefferson County District Attorney's Office for their profoundly flawed investigation, violations under the Due Process Clause of the Fourteenth Amendment where all Defendants deprived Plaintiff of his constitutional right to a fair and impartial trial, false imprisonment, Defendants offering of false and fabricated evidence, violations under the Sixth Amendment Right to Counsel, denial of equal protection of the law, conspiracy to deprive under the Americans with Disabilities Act under 42 U.S.C. § 12101, conspiracy to deprive of constitutional rights by prior agreement to frame, denial of constitutional rights through suppression of evidence which denied access to courts, and a denial of constitutional rights by Defendants' failure to intervene to prevent official misconduct. (Doc. #13.) Plaintiff also brought a variety of state law claims.

In the Report and Recommendation and Order Adopting, the court determined that Plaintiff's underlying claims for malicious prosecution and wrongful conviction were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because his underlying conviction had never been overturned and he had not been exonerated. Additionally, Plaintiff's claims against individuals who were not state actors were dismissed because they failed to state a cause of action cognizable under 42 U.S.C § 1983. Finally, having no valid claims arising under Federal law, the court declined to exercise supplemental jurisdiction over any of Plaintiff's alleged pendent state law claims —malicious prosecution, civil conspiracy, and intentional infliction of emotional distress.

After the final judgment was entered, Plaintiff did not appeal.[1]

## II.     Discussion and Analysis

Filed 20 months after the judgment became final, Plaintiff's Motion for Reconsideration is construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment based, *inter alia*, on mistake, newly discovered evidence, or fraud, misrepresentation, or misconduct by an opposing party.  FED. R. CIV. P. 60(b)(1), (2), (3).  Rule 60(c) provides that a motion for relief from judgment based upon these factors must be filed no more than one year after entry of judgment.  FED. R. CIV. P. 60(c).

Plaintiff's grounds for reconsideration fall under FED. R. CIV. P. 60(b)(1) in that he argues the court erred by ignoring facts and law.  The court cannot entertain the motion, however, as it was filed more than one year after entry of judgment.  Plaintiff's motion should be denied as untimely.

As to Plaintiff's request for a change of venue, this too should be denied.  A final judgment was entered more than 20 months ago and has never been appealed.  This case is closed.  Any request for a change of venue is moot.

## III.    Recommendation

The undersigned recommends that the Motion for Reconsideration to Reinstate the Case and Motion for Change of Venue (doc. #42) be **DENIED**.

## IV.     Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file

---

[1] Plaintiff did appeal the undersigned's order striking a supplemental complaint filed after the final judgment was entered. (Doc. #39.)  The Fifth Circuit dismissed the appeal for lack of jurisdiction on September 28, 2022. (Doc.

objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the part objects, (2) be served and filed within fourteen (14) days after being served with copy of this Report, and (4) be no more than eight pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law obtained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED this the 6th day of May, 2024.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

#40.)