IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM CURTIS JONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-CV-212 |
| | § | |
| JEFFERSON COUNTY DISTRICT ATTORNEY, et al., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

A final judgment was previously entered in this case, dismissing with prejudice Plaintiff's federal law claims for failure to state a claim upon which relief can be granted and because they are frivolous. [Dkt. 31]. Plaintiff filed motions under Federal Rule of Civil Procedure 59(e), which were construed by this court as motions under Federal Rule of Civil Procedure 60(b). [Dkts 33, 34, 35]. Said motions were denied on the merits on August 15, 2022. [Dkt. 37].

Twenty months after the judgment became final, Plaintiff filed a Motion for Reconsideration. [Dkt. 42]. The Magistrate Judge assigned to this case construed the Motion for Reconsideration as another motion filed under Rule 60(b). In her Report and Recommendation, the Magistrate Judge recommended denying the construed motion under Rule 60(b) as it was untimely filed. [Dkt. 43].

Plaintiff's motion argued for relief from the final judgment based upon mistake, inadvertence, surprise, or excusable neglect. As pointed out by the Magistrate Judge such arguments in a Rule 60(b) motion must be filed within one year of the final judgment. As Plaintiff's motion was filed 20 months after the judgment became final, said motion was not timely

1

and should be denied.  [Dkt. 43].  On May 30, 2024, Plaintiff filed timely objections to the Report and Recommendation.

A party who files timely written objections to a Magistrate Judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b); FED. R. CIV. P. 72(b).  "Parties filing objections must specially identify those findings [to which they object].  Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1412 (5th Cir. 1996) (en banc).

Plaintiff's objections fail to specifically identify the findings or recommendations to which he objects.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c).  Instead, he states in a conclusive manner that the Magistrate Judge made material errors and misinterpretations, asserts the Report and Recommendation is in direct conflict with the law or is clearly flawed, claims that the Report disregards his right to a fair trial, and claims the Magistrate Judge is guilty of bias.

Except for the new unsupported claim of bias by the Magistrate Judge, Plaintiff's objections are a rehash of his previous arguments that his criminal conviction is based on false evidence, although now he adds an argument regarding a faulty indictment.  Plaintiff's arguments and objections regarding his criminal conviction have previously been dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In his newest objections, he continues to not address the *Heck* bar, nor does he address the Magistrate Judge's conclusion that his motion was untimely.

Regarding his objection as to the alleged bias of the Magistrate Judge, Plaintiff's objection is wholly unsupported and lacks specificity.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court concludes that Plaintiff's objections are without merit because the objections are not related to specific findings within the Report and Recommendation and the Magistrate Judge properly found that Plaintiff's construed Motion under Rule 60(b) was untimely.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **OVERRULES** the Plaintiff's objections [dkt. 44] and **DENIES** Plaintiff's motion [dkt. 42].

**SIGNED this 4th day of June, 2024.**

Michael J. Truncale
United States District Judge

3