IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM CURTIS JONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-CV-212-MJT-CLS |
| | § | |
| JEFFERSON COUNTY DISTRICT ATTORNEY, et al., | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT (Doc. #46.)**

Pursuant to 28 U.S.C. §636(b), Federal Rule of Civil Procedure 72, and the Local Rules for the United States District Court for the Eastern District of Texas, this matter was referred to the undersigned magistrate judge for pretrial management. (Doc. #8.) Before the court is Plaintiff's Memorandum in Support of Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment filed June 17, 2024. (Doc. #46.)

**I.     Procedural History**

On June 3, 2022, Final Judgment was entered dismissing all Plaintiff's claims with prejudice for failure to state a claim upon which relief can be granted and because the claims were frivolous. (Docs. #30, #31.) After Final Judgment was entered, Plaintiff filed a Supplemental Complaint. (Doc. #36). On August 16, 2022, the district court denied Plaintiff's motions for relief from judgment and to set aside the final judgment. (Doc. #37.) Thereafter, the undersigned struck the Plaintiff's Supplemental Complaint as moot and since his post-judgment motions had all been denied, the undersigned directed the Clerk not to accept any filings from

the Plaintiff unless it was a Notice of Appeal or motion for leave to appeal *in forma pauperis*. (Doc. #38.)

Plaintiff then filed a Notice of Appeal stating he was appealing the judgment of the court entered on August 22nd, 2022. (Doc. #39.) The only order entered on August 22, 2022 was the undersigned's order to strike the supplemental complaint. The Fifth Circuit dismissed the appeal for lack of jurisdiction as Plaintiff was attempting to appeal an order of a magistrate judge directly to the Fifth Circuit without first seeking review from the district judge. (Doc. #40.)

Plaintiff never sought district court review of the undersigned's order and Plaintiff never appealed the Final Judgment entered June 3, 2022. Instead, twenty months after Final Judgment was entered, Plaintiff filed a Motion for Reconsideration and Motion for a Change of Venue. (Doc. #42.) On May 6, 2024, the undersigned issued a Report and Recommendation construing the motion as a Motion for Relief from Judgment under Rule 60(b)(1) arguing that the court erred by ignoring the facts and the law. (Doc. #43.) The undersigned recommended that the district court deny the motion as untimely because motions under Rule 60(b)(1) must be filed within one year of the judgment. Plaintiff objected and the district court overruled the objections and issued a Memorandum Order overruling Plaintiff's objections and denying the motion on June 5, 2024. (Doc. #45.)

Plaintiff's current motion, termed "Memorandum," is a motion under Rule 59(e) to alter or amend the judgment. Plaintiff claims that Final Judgment was entered on June 4, 2024 – the date of the Memorandum Order overring objections and denying his motion under Rule 60(b).

## II. Discussion and Analysis

A motion under Rule 59(e) must be filed within 28 days after Final Judgment. FED. R. CIV. P. 59(E). Final Judgment was entered in this case on June 6, 2022, not June 4, 2024 as asserted by Plaintiff. The district court's order—docket entry 45—overruling objections is not a final judgment. FED. R. CIV. P. 60(c)(2) ("The motion does not affect the judgment's finality or suspend its operation.").

Plaintiff did not file a post-judgment motion that either delayed the finality of the judgment entered on June 6, 2022 or extend the time for Plaintiff to file a Notice of Appeal. FED. R. APP. P. 4(A)(4), (7). Any timely motion under Rule 59(e) had to be filed no later than July 5, 2022.[1] The time for filing a motion under Rule 59(e) is jurisdictional and cannot be extended by the court. *Washington v. Patlis*, 868 F.2d. 172, 174 (5th Cir. 1989.)[2] As Plaintiff's current motion is filed 24 months after Final Judgment was entered, it is not timely, the court does not have jurisdiction to address it, and it should be **DENIED**.

Finally, under appropriate circumstances, an untimely motion under Rule 59(e) can be treated as a Motion under Rule 60(b). *Halicki v. Louisiana Casino Cruises, Inc*., 151 F. 3d 465, 470 (5th Cir. 1998). The undersigned, however, does not recommend that Plaintiff's motion be afforded such treatment as Plaintiff has already filed a motion under Rule 60(b) which was denied. (Doc. #45.) The arguments made here—that Plaintiff was wrongly convicted, that constitutional violations have occurred—have all been resoundingly rejected by both this court and the state court that has reviewed Plaintiff's claims. *See*, docket entries #26, #30, #43, #45,

---

[1] The 28th day was July 4, 2022, but said day is a national holiday. Under FED. R. CIV. P. 6, the deadline would be extended to July 5, 2022.

[2] Rule 59(e) was amended in 2009 to change the time from 10 days to 28 days.

#43; *Jones v. Texas*, No. 09-18-0071, 2019 WL 3308958 (Tex. App. — Beaumont, July 24, 2019 pet. ref'd.).

Moreover, the undersigned must note that some of Plaintiff's assertions are simply false. He asserts that due to an error in address, the prison failed to forward many of the documents filed in this case, namely docket entries 1-29. (Doc. #46 at 9.) A review of the docket, however, shows that Plaintiff has not been incarcerated since as early as October 15, 2021, when he filed docket entry 13 from his address in Austin. The address in Austin has been used by the clerk of the court in this case since at least that time, so Plaintiff's claim that he did not receive documents 1-29 because the prison failed to forward them is not true.[3] Only docket entries 1-12 predate his amended complaint and of those 12 documents, six are documents he filed.

### III.    Recommendation

The undersigned recommends that the Memorandum in Support of Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (doc. #46) be **DENIED**.

### IV.    Objections

Pursuant to 28 U.S.C. §636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the part objects, (2) be served and filed within fourteen (14) days after being served with copy of this Report, and (4) be no more than eight pages in length. *See* 28 U.S.C. §636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D.

---

[3] This claim appears to be like Plaintiff's assertion in his Amended Complaint (doc. #13, ¶4) in which he claimed his conviction was overturned. The undersigned set two *Spears* hearings for Plaintiff to provide the basis for his claim; Plaintiff requested continuances each time. The undersigned then ordered Plaintiff, as part of its screening responsibilities, to produce information to the court to support his claim. (Doc. #22.) Plaintiff filed a response consisting of 140 pages, none of which established that Plaintiff's conviction had been overturned. See (oc. #25.)

Tex. Civ. R. CV-72(c).  A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law obtained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge.  *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED this the 5th day of September, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE