**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| WILLIAM CURTIS JONES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-CV-212 |
| | § | |
| JEFFERSON COUNTY DISTRICT | § | |
| ATTORNEY OFFICE, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On June 3, 2022, the Court entered final judgment dismissing with prejudice Plaintiff's federal law claims for failure to state a claim upon which relief can be granted and for frivolousness. [Dkt. 31]. Since that time, Plaintiff filed a motion under Federal Rule of Civil Procedure 59(e), which was construed as a motion under Federal Rule of Civil Procedure 60(b). [Dkts 33, 34, 35], and which the Court denied on the merits on August 15, 2022. [Dkt. 37]. Twenty months later, Plaintiff filed a Motion for Reconsideration, which Judge Stetson construed the Motion for Reconsideration as another motion filed under Rule 60(b). In her Report and Recommendation, the Magistrate Judge recommended denying the construed motion under Rule 60(b) as it was untimely filed. [Dkt. 43]. The District Court adopted the Report and

1

Recommendation on June 5, 2024, after a *de novo* review of Plaintiff's timely, but unspecific objections.  [Dkt. 44, 45].

Now before the Court is Plaintiff's Motion under Rule 59(e).  [Dkt. 46].  The Magistrate Judge issued a Report and Recommendation finding this Motion for Relief under Rule 59(e) to be untimely.  In her Report, the magistrate judge specifically advised Plaintiff that any objections to the Report and Recommendation could not exceed eight pages and would have to specifically identify the portions of the Report to which Plaintiff objected.  [Dkt. 48 at 4].  In direct violation of this admonition, Plaintiff filed his objections which totaled 20 pages, 34 with exhibits.  In his objections, he fails to identify with any specificity the portions of the Report and Recommendation to which he objects.  He generally claims that the Magistrate Judge failed to understand his claims and then again, as he has done in his past objections, argues that his state court criminal conviction is in error.

On the same day he filed his objections, Plaintiff filed a notice of appeal of the Report and Recommendation with the Fifth Circuit Court of Appeals.  [Dkt. 50].  This is the second time Plaintiff has appealed a ruling by the Magistrate Judge directly to the court of appeals, bypassing district court review.  Likewise, this is the second time the Fifth Circuit has dismissed Plaintiff's appeal for want of jurisdiction.  The Fifth Circuit issued its mandate on November 27, 2024, sending this matter back to the Court.  Plaintiff's objections are now ripe for review.

**I.     Plaintiff's Objections to the Report and Recommendation are Overruled**

    A.  <u>Legal Standard</u>

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3).  To be specific, an objection must identify the specific finding or recommendation to which objection

2

is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

    B. <u>Discussion</u>

As noted above, Plaintiff's objections fail to specifically identify the findings or recommendations to which he objects.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. LOC. R. CV-72(c).  Instead, Plaintiff's objections are a rehash of his previous arguments that his criminal conviction is based on false evidence and that he should be allowed to pursue his claims for wrongful conviction and false imprisonment.  These arguments have been repeatedly rejected by this Court and Plaintiff's continued filing of motions under Rule 60 or Rule 59 asserting these same rejected arguments skirts very close to a violation of Federal Rule of Civil Procedure 11.  While Plaintiff is *pro se* and presumably not legally trained, he is still subject to Rule 11 and frivolous pleading sanctions.

Because Plaintiff's objections wholly lack specificity, he is only entitled to plain error review of the Report and Recommendation.  *Badon v. Berry's Reliable Resources, LLC*, No. 19-12317, 2023 WL 395181, at *2 (E.D. La., Jan. 25, 2023) ("[T]he district court should not have to guess what arguments an objecting party depends on when reviewing a magistrate [judge's] report); *Hernandez v. Nationwide Gen. Ins. Co.*, No. DR-20-CV-56-AM/CW, 2021 WL 8055650 at *2 (W.D. Tex. Sept. 29, 2021); *see SciCo Tec GmbH v. Bos. Sci. Corp.*, 599 F. Supp. 2d 741,

742 (E.D. Tex. 2009) (noting the "failure to object to a report and recommendation bars attack on appeal of findings of fact and conclusions of law except on very limited plain error grounds").

Here, the Magistrate Judge did not err in concluding that the motion for relief under Rule 59 (e) was untimely when it was filed more than two years after final judgment was entered. After careful consideration, the Court concludes that Plaintiff's objections are without merit because the objections are not related to specific findings within the Report and Recommendation and the Magistrate Judge's Report and Recommendation is correct.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt.48], **OVERRULES** Plaintiff's objections [Dkt. 49] and **DENIES** Plaintiff's motion [Dkt. 46].

**SIGNED this 3rd day of December, 2024.**

Michael J. Truncale
United States District Judge